# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>              v.<br><br>STEVEN CAO,<br><br>                  Defendant. | Case No. 3:18-cr-00059-SLG |

## ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 175 is defendant Steven Cao's Motion for Compassionate Release Pursuant to 18 USC 3582(c)(1)(A). The government responded in opposition at Docket 180.

On July 2, 2019, Mr. Cao was sentenced to 60 months imprisonment after he pleaded guilty to one count of Use of a Firearm During and in Relationship to a Drug Trafficking Crime.[1] Mr. Cao is currently in Bureau of Prisons (BOP) custody and incarcerated at Lompoc FCI; his projected release date is July 18, 2030.[2] Mr. Cao seeks an order reducing his sentence to time served.

---

[1] Docket 153 (Judgment).

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Apr. 29, 2021).

**I.     Applicable law**

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[3]  If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits.  On the merits, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction and that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction.[4]

**II.    Exhaustion of administrative rights**

An inmate has exhausted his administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate release.[5]  Mr. Cao first requested compassionate release in April 2020, and again requested compassionate release through his counsel in February 2021.[6]  It appears that the warden did not respond to either request.  The government

---

[3] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194.  Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence. *See also United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (holding that the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13 is not binding on a district court considering a compassionate release motion filed by a defendant, but the policy statement "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant").

[4] 18 U.S.C. § 3582(c).

[5] 18 U.S.C. § 3582(c)(1)(A).

[6] Docket 175-1; Docket 175-2.

Case Nos. 3:18-cr-00059-SLG, *United States v. Cao*
Order Re Motion for Compassionate Release
Page 2 of 6
Case 3:18-cr-00059-SLG   Document 183   Filed 05/05/21   Page 2 of 6

agrees that Mr. Cao has exhausted his administrative rights.[7] The Court will consider the motion on its merits.

## III. Extraordinary and compelling reasons

Mr. Cao, who is currently 35 years old, submits that he has chronic kidney disease, that he is overweight, that he has lingering symptoms from when he contracted COVID-19, and that these conditions constitute extraordinary and compelling reasons that warrant his release from custody.[8] The government responds that "Cao presents the risk factors of chronic kidney disease and being overweight. But he no longer presents an 'extraordinary and compelling reason' because he has declined vaccination."[9] The parties have submitted approximately 150 pages of Mr. Cao's medical records.[10] Those records confirm that Mr. Cao has chronic kidney disease and that he tested positive for COVID-19 in May 2020.[11] The medical records show that BOP medical staff advised Mr. Cao to make dietary changes to control his weight.[12] The records also confirm that in August 2020 he weighed 175 pounds and in November 2020 he weighed 169

---

[7] Docket 180 at 4.

[8] Docket 175 at 2–5.

[9] Docket 180 at 6–7.

[10] Docket 177 (under seal); Docket 181-2 (under seal).

[11] Docket 177 at 22; Docket 177-1 at 38.

[12] Docket 177-1 at 7.

Case Nos. 3:18-cr-00059-SLG, *United States v. Cao*
Order Re Motion for Compassionate Release
Page 3 of 6
Case 3:18-cr-00059-SLG   Document 183   Filed 05/05/21   Page 3 of 6

pounds and thus appears to be losing weight.[13] The records also confirm that x-rays in September 2020 showed normal and clear lungs despite Mr. Cao having previously tested positive for COVID-19.[14] The Court has considered that Mr. Cao was offered, and refused, the COVID-19 vaccine on April 20, 2021.[15] However, regardless of Mr. Cao's declining to receive the COVID-19 vaccine, the medical records do not support Mr. Cao's assertion as to the severity of his medical condition. The Court finds that Mr. Cao has not shown "extraordinary and compelling" medical reasons that would justify a reduction in sentence at this time.

## IV. Section 3553(a) factors

In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court views the continued validity of the imposed sentence in light of the COVID-19 pandemic.[16] Mr. Cao asserts that "[h]e has already served considerable time, which adequately punishes him for his conduct

---

[13] Docket 177-1 at 2, 7.

[14] Docket 177-1 at 51.

[15] Docket 181-2 at 26, 42. The Court agrees with Judge Mueller's assessment that "[i]f defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive. In the worst case scenario, this incentive might lead a person to unreasonably refuse necessary and readily available medical treatment in an effort to create 'extraordinary and compelling' circumstances when none exist." *United States v. Figueroa*, Case No. 2:09-CR-00194-KJM, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021).

[16] In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

Case Nos. 3:18-cr-00059-SLG, *United States v. Cao*
Order Re Motion for Compassionate Release
Page 4 of 6
Case 3:18-cr-00059-SLG   Document 183   Filed 05/05/21   Page 4 of 6

and acts as a deterrent to others."[17] The government responds that Mr. Cao "has a significant criminal record" and "has not shown that he can even live a law-abiding life inside of prison."[18]

The Court finds that the applicable § 3553(a) factors do not support a reduction in sentence in this case for the following reasons. The crime of conviction involved Mr. Cao conspiring to trade a firearm for having drugs smuggled into a jail where he was then detained in a separate federal criminal case.[19] Mr. Cao's criminal history includes a federal conviction for Attempted Possession with Intent to Distribute Methamphetamine.[20] The Court has considered and weighed that Mr. Cao does not appear to have any BOP disciplinary history and has taken educational classes and a drug-abuse class while in custody.[21] However, the Court finds that reduction of Mr. Cao's sentence would not reflect the nature and circumstances of the offense, the history and characteristics of Mr. Cao, or the seriousness of the offense; would not promote respect for the law; would not afford adequate deterrence; would not protect the public; and would not provide just punishment.[22]

---

[17] Docket 175 at 17.

[18] Docket 180 at 16.

[19] Docket 116 at 8–10 (under seal).

[20] Docket 116 at 12.

[21] Docket 175-7; Docket 175-8.

[22] 18 U.S.C. § 3553(a)(2).

Case Nos. 3:18-cr-00059-SLG, *United States v. Cao*
Order Re Motion for Compassionate Release
Page 5 of 6
Case 3:18-cr-00059-SLG   Document 183   Filed 05/05/21   Page 5 of 6

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 175 is DENIED.

DATED this 5th day of May, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case Nos. 3:18-cr-00059-SLG, *United States v. Cao*
Order Re Motion for Compassionate Release
Page 6 of 6
Case 3:18-cr-00059-SLG   Document 183   Filed 05/05/21   Page 6 of 6